**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| LAJUAN HAYES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-cv-889-SPM |
| | ) | |
| ANNE L. PRECYTHE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on review of a complaint that was purportedly filed by self-represented Plaintiff LaJuan Hayes. For the reasons discussed below, the Court will order Plaintiff to file a signed, amended complaint on a Court-provided form. Plaintiff will also be directed to either pay the $402 filing fee, or file a fully-completed "Application to Proceed in District Court without Prepaying Fees or Costs" that is accompanied by the certified inmate account statement required by 28 U.S.C. § 1915(a)(2).

### Background

On July 10, 2023, fourteen inmates incarcerated at the Missouri Eastern Correctional Center ("MECC") filed a "class action" lawsuit pursuant to 42 U.S.C. § 1983 against six prison officials. Briefly, the plaintiffs allege the defendants violated their federally-protected rights by allowing them to be restrained while the Correctional Emergency Response Team searched their housing unit. Although the caption of the complaint included Plaintiff's name among the list of plaintiffs, he did not personally sign the complaint, and he has neither paid the $402 filing fee nor filed a motion seeking leave to proceed without prepayment of that fee.

Because the Court does not allow multiple prisoners to join together in a single lawsuit under the Federal Rules of Civil Procedure, thirteen plaintiffs were severed from the originating case, and new cases were opened for each one.  The case at bar is one of those cases.

## Discussion

The complaint is defective because Plaintiff did not personally sign it.  Rule 11(a) of the Federal Rules of Civil Procedure requires an unrepresented party to personally sign all of his pleadings, motions, and other papers, and requires courts to "strike an unsigned paper unless the omission is promptly corrected after being called to the … party's attention."  Similarly, this Court's Local Rules require self-represented parties to sign all of their filings.  E.D. Mo. L.R. 2.01(A)(1).

Additionally, the complaint alleges violations of the rights of a group of inmates as a whole.  While federal law authorizes Plaintiff to plead and conduct his own case personally, he lacks standing to bring claims on behalf of others.  *See Warth v. Seldin*, 422 U.S. 490, 499 (1975) (stating that, in general, to satisfy the standing requirement, a plaintiff "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties."). Finally, as a non-attorney, self-represented litigant, Plaintiff may not represent another person in federal court.  *See* 28 U.S.C. § 1654; *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) (stating that "because *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause.  A person must be litigating an interest personal to him."); *Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986) (stating that a person who is not licensed to practice law may not represent another individual in federal court).

Because Plaintiff is self-represented, the Court will give him the opportunity to file a signed, amended complaint to set forth his own claims for relief.  Plaintiff is advised that the

2

amended complaint will replace the original complaint. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable.").

In the "Caption" section of the complaint form, Plaintiff should write the name of the person he intends to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff must avoid naming anyone as a defendant unless that person is directly related to his claim. Plaintiff must also specify the capacity in which he intends to sue each defendant.

In the "Statement of Claim" section, Plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, Plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Each averment must be simple, concise, and direct. *See id.* Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). If Plaintiff names a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If Plaintiff names more than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

It is important that Plaintiff allege facts explaining how each defendant was personally involved in and directly responsible for harming him. *See Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990). Plaintiff must explain the role of the defendant, so that the defendant will

have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). If Plaintiff fails to file an amended complaint on a Court-provided form within thirty days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to Plaintiff.

Additionally, Plaintiff must either pay the $402 filing fee, or file a fully-completed Application to Proceed in District Court Without Prepaying Fees or Costs that is accompanied by a certified copy of his inmate account statement detailing his inmate account for the six-month period immediately preceding the filing of the complaint. *See* 28 U.S.C. § 1915(a)(2). If Plaintiff fails to either pay the $402 filing fee or file an Application to Proceed in District Court Without Prepaying Fees or Costs, the Court will dismiss this action without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall mail to Plaintiff a copy of the Court's form Prisoner Civil Rights Complaint Under 42 U.S.C. § 1983.

**IT IS FURTHER ORDERED** that the Clerk shall mail to Plaintiff a copy of the Court's form Application to Proceed in District Court Without Prepaying Fees or Costs.

4

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this Order, Plaintiff shall file a signed amended complaint in accordance with the foregoing instructions.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this Order, Plaintiff must either pay the $402 filing fee, or file an Application to Proceed in District Court Without Prepaying Fees or Costs along with a certified copy of his inmate account statement for the six-month period preceding the filing of the complaint.

**If Plaintiff fails to timely comply with this order, the Court will dismiss this action without prejudice and without further notice.**

*/s/ Shirley P. Mensah*
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 31st day of July, 2023.